UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JARRETT FROST,

<em>Plaintiff,</em>

-against-

THE CITY OF NEW YORK, DETECTIVE RICHARD SPENNICCHIA (TAX ID #920865), DETECTIVE JOSEPH O'NEIL (TAX  ID #918543), SERGEANT MICHAEL LOPUZZO (SHIELD #882662), DETECTIVES JOHN DOE#1-2, CORRECTION OFFICER TORRES, CORRECTION OFFICER THOMAS, CORRECTION OFFICER SORIA (SHIELD #14511), CORRECTION OFFICER CARTY (SHIELD #4114), CORRECTION OFFICER SOUFFRANT (SHIELD #10980), CORRECTION OFFICER TATOULI, CORRECTION OFFICER CAPTAIN MCDUFFIE (SHIELD #1496), CORRECTION OFFICER PREVILLON (SHIELD #9526), CORRECTION OFFICER GONZALEZ (SHIELD #3720), CORRECTION OFFICER CAPTAIN RYAN (SHIELD #62), CORRECTION OFFICER YOUNG (SHIELD #12344), CORRECTION OFFICER MCLAUGHLIN (SHIELD #17242), CORRECTION OFFICER BARKSDALE (SHIELD #12913), CORRECTION OFFICER CORKER (SHIELD #2801), CORRECTION OFFICER SANCHEZ (SHIELD #17430), CORRECTION OFFICER HILL (SHIELD #15423), CORRECTION OFFICER CAPTAIN CLAYTON JEMMOTT (SHIELD #63), CORRECTION OFFICER JAY JOYE (SHIELD #11414) and CORRECTION OFFICERS JOHN DOE #1-5 (the name "John Doe" being fictitious as the true names are presently unknown), individually and in their official capacity as New York City Police Officers and New York City Correction Officers,

<em>Defendants.</em>

------------------------------------------------------------------------X

## AMENDED COMPLAINT

JURY TRAIL DEMANDED

*Civil Action No.*_____

Plaintiff **JARRETT FROST,** by his attorneys **NOVO LAW FIRM, PC,** complaining of Defendants **THE CITY OF NEW YORK, DETECTIVE RICHARD SPENNICCHIA (TAX ID #920865), DETECTIVE JOSEPH O'NEIL (TAX  ID #918543), SERGEANT MICHAEL LOPUZZO (SHIELD #882662), DETECTIVES JOHN DOE#1-2, CORRECTION OFFICER TORRES, CORRECTION OFFICER THOMAS, CORRECTION OFFICER SORIA (SHIELD #14511), CORRECTION OFFICER CARTY (SHIELD #4114), CORRECTION OFFICER SOUFFRANT (SHIELD #10980), CORRECTION OFFICER TATOULI, CORRECTION OFFICER CAPTAIN MCDUFFIE (SHIELD #1496), CORRECTION**

OFFICER PREVILLON (SHIELD #9526), CORRECTION OFFICER GONZALEZ (SHIELD #3720), CORRECTION OFFICER CAPTAIN RYAN (SHIELD #62), CORRECTION OFFICER YOUNG (SHIELD #12344), CORRECTION OFFICER MCLAUGHLIN (SHIELD #17242), CORRECTION OFFICER BARKSDALE (SHIELD #12913), CORRECTION OFFICER CORKER (SHIELD #2801), CORRECTION OFFICER SANCHEZ (SHIELD #17430), CORRECTION OFFICER HILL (SHIELD #15423), CORRECTION OFFICER CAPTAIN CLAYTON JEMMOTT (SHIELD #63), CORRECTION OFFICER JAY JOYE (SHIELD #11414) and CORRECTION OFFICERS JOHN DOE #1-5, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which Plaintiff **JARRETT FROST** seeks relief for Defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution, and of rights secured under the laws and Constitution of the State of New York.  Plaintiff seeks damages, compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems equitable and just.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 and § 1331, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3.      Jurisdiction is also invoked herein pursuant to the First, Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

4.      Plaintiff respectfully requests that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this

court that are formed as part of the same case or controversy.

5.     Venue herein is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## JURY DEMAND

6.     Plaintiff respectfully demands a trail by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

7.     Upon information and belief and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and the place where the injuries and damages were sustained, together with Plaintiff's demands for adjustment thereof was duly served on Plaintiff's behalf on the Comptroller of Defendant **THE CITY OF NEW YORK** and that, thereafter, said Comptroller for Defendant **THE CITY OF NEW YORK** refused or neglected for more than thirty (30) days, and up to the commencement of this action, to make any adjustment or payment thereof, and that, thereafter, and within the time provided by law, this action was commenced.

8.     Upon information and belief, pursuant to General Municipal Law §50(h), a hearing was held at the office of a designated agent.

## PARTIES

9.     Plaintiff is 24 years old and at all times hereinafter mentioned was, and still is, a citizen of the United States residing at 3525 Rochambeau Avenue, Apt. 1C, City of Bronx, County of Bronx, State of New York.

10.    Defendant **THE CITY OF NEW YORK** was, and still is, at all times relevant herein, a municipal corporation duly incorporated and existing under and by virtue of the laws of the State of New York.

11.    Defendant **THE CITY OF NEW YORK** was, and still is, at all times relevant herein, a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law

enforcement and for which it is ultimately responsible. Defendant **THE CITY OF NEW YORK** assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by New York City Police Department.

12      Defendant **THE CITY OF NEW YORK** was, and still is, at all times relevant herein, a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain Department of Correction, which acts as its agent in the area of care, confinement and rehabilitation of inmates and for which it is ultimately responsible. Defendant **THE CITY OF NEW YORK** assumes the risks incidental to the maintenance of a correction facilities and the employment of correction officers as said risk attaches to the public consumers of the services provided by New York City Department of Correction.

13.     Defendants **DETECTIVE RICHARD SPENNICCHIA (TAX ID #920865), DETECTIVE JOSEPH O'NEIL (TAX  ID #918543), SERGEANT MICHAEL LOPUZZO (SHIELD #882662), DETECTIVES JOHN DOE#1-2**, were, and still are, at all times relevant herein, duly appointed and acting officers, agents, servants, and employees of New York City Police Department a municipal agency of Defendant **THE CITY OF NEW YORK**.

14.     Defendants **DETECTIVE RICHARD SPENNICCHIA (TAX ID #920865), DETECTIVE JOSEPH O'NEIL (TAX  ID #918543), SERGEANT MICHAEL LOPUZZO (SHIELD #882662), DETECTIVES JOHN DOE#1-2** were, and still are, at all times relevant herein, acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant **THE CITY OF NEW YORK,** were acting for, and on behalf of, and with the power and authority vested in them by Defendants **THE CITY OF NEW YORK** and New York City Police Department and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

4

15.   Defendants **CORRECTION OFFICER TORRES, CORRECTION OFFICER THOMAS, CORRECTION OFFICER SORIA (SHIELD #14511), CORRECTION OFFICER CARTY (SHIELD #4114), CORRECTION OFFICER SOUFFRANT (SHIELD #10980), CORRECTION OFFICER TATOULI, CORRECTION OFFICER CAPTAIN MCDUFFIE (SHIELD #1496), CORRECTION OFFICER PREVILLON (SHIELD #9526), CORRECTION OFFICER GONZALEZ (SHIELD #3720), CORRECTION OFFICER CAPTAIN RYAN (SHIELD #62), CORRECTION OFFICER YOUNG (SHIELD #12344), CORRECTION OFFICER MCLAUGHLIN (SHIELD #17242), CORRECTION OFFICER BARKSDALE (SHIELD #12913), CORRECTION OFFICER CORKER (SHIELD #2801), CORRECTION OFFICER SANCHEZ (SHIELD #17430), CORRECTION OFFICER HILL (SHIELD #15423), CORRECTION OFFICER CAPTAIN CLAYTON JEMMOTT (SHIELD #63), CORRECTION OFFICER JAY JOYE (SHIELD #11414) and CORRECTION OFFICERS JOHN DOE #1-5,** were, and still are, at all times relevant herein, duly appointed and acting officers, agents, servants, and employees of New York City Department of Correction a municipal agency of Defendant **THE CITY OF NEW YORK.**

16.   Defendants **CORRECTION OFFICER TORRES, CORRECTION OFFICER THOMAS, CORRECTION OFFICER SORIA (SHIELD #14511), CORRECTION OFFICER CARTY (SHIELD #4114), CORRECTION OFFICER SOUFFRANT (SHIELD #10980), CORRECTION OFFICER TATOULI, CORRECTION OFFICER CAPTAIN MCDUFFIE (SHIELD #1496), CORRECTION OFFICER PREVILLON (SHIELD #9526), CORRECTION OFFICER GONZALEZ (SHIELD #3720), CORRECTION OFFICER CAPTAIN RYAN (SHIELD #62), CORRECTION OFFICER YOUNG (SHIELD #12344), CORRECTION OFFICER MCLAUGHLIN (SHIELD #17242), CORRECTION OFFICER BARKSDALE (SHIELD #12913), CORRECTION OFFICER CORKER (SHIELD #2801), CORRECTION OFFICER**

SANCHEZ (SHIELD #17430), CORRECTION OFFICER HILL (SHIELD #15423), CORRECTION OFFICER CAPTAIN CLAYTON JEMMOTT (SHIELD #63), CORRECTION OFFICER JAY JOYE (SHIELD #11414) and CORRECTION OFFICERS JOHN DOE #1-5 were, and still are, at all times relevant herein, acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by Defendant THE CITY OF NEW YORK were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

### STATEMENT OF FACTS

17.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

18.    Upon information and belief, the events which gave rise to the underlying criminal litigation occurred on July 6, 2010 when Plaintiff Jarrett Frost became a "witness" during the investigation of a murder, which he did not commit.

19.    On or about July 8, 2010, Mr. Leon Vega was interviewed by Detective Farino.  In the course of that interview, Mr. Vega stated that he "did not see who shot the victim nor does he know where the shots came from."

20.    Upon information and belief, for approximately six (6) months thereafter, Plaintiff was forced to go to the 40th precinct multiple times, only to be unlawfully interrogated by police officers deprived of any due process, his right to have an attorney and freedom to leave the precinct under the guise of being a "witness" only and never a suspect.

21.    On July 7, 2010, at the 40th precinct, Mr. Frost was asked to write a statement about the events that transpired on the night of the shooting.  Mr. Frost did so without being read his Miranda Rights, without the benefit of an attorney, and after many hours of being held in the precinct.

22.   In his statement, Mr. Frost stated that he was wearing a green shirt and that John McLaurin "Sigh" was wearing a white tank top.

23.   The interviews surrounding the night of the shooting all pinpoint that there was a male wearing a white shirt in the door of where the shots were fired.

24.   In later reports, the "suspect" was described as a male/black wearing a white t-shirt and blue jeans.  Mr. Frost was not wearing a white shirt nor was he wearing jeans on the date of the incident.  In fact, surveillance of the night in question proves that he was wearing what he stated; a green shirt and shorts and a baseball cap and it was "Sigh" in a white shirt and long jeans/pants.

25.   During this time, he was a victim of police misconduct, police brutality, was falsely arrested and detained for a crime he did not commit.

26.   On August 15, 2010, an I-Card was issued for Jarrett Frost as "witness only" at that time.

27.   As of October 11, 2010, it was documented that there were no new leads or witnesses.

28.   On or about November 3, 2010 and upon information and belief, an I-Card was issued for John McLaurin "Sigh" as "possible suspect".

29.   As of December 1, 2010, it was documented that there were no new leads or witnesses.

30.   On or about January 6, 2011, Mr. Leon Vega identified Jarrett Frost and John McLaurin from photo arrays in the presence of **DETECTIVE RICHARD SPENNICCHIA (TAX ID #920865), DETECTIVE JOSEPH O'NEIL (TAX ID #918543)** recognizing both of them from the night of the homicide.

31.   On or about January 9, 2011, **DETECTIVE RICHARD SPENNICCHIA (TAX ID #920865), DETECTIVE JOSEPH O'NEIL (TAX ID #918543)** obtained a statement from John McLaurin.

32.   On January 9, 2011, John McLaurin was given his Miranda warnings.

33.   On or about January 13, 2011, Plaintiff was arrested by **DETECTIVE RICHARD SPENNICCHIA (TAX ID #920865), DETECTIVE JOSEPH O'NEIL (TAX   ID**

#918543), SERGEANT MICHAEL LOPUZZO (SHIELD #882662), DETECTIVES
JOHN DOE#1-2, handcuffed and brought to the 40th Precinct and criminally processed by
Defendants, New York City Police Officers in the County of Bronx, State of New York and
charged with Murder 2 and other related charges.

34.    Upon information and belief, at no point in time did **JARRETT FROST** resist arrest or
disobey arresting officers' commands.

35.    Upon information and belief Plaintiff was placed in an unlawful and improper photo array.

36.    Upon information and belief then Plaintiff was transported to Rikers Island and was held there
for approximately three (3) months.

37.    Upon information and belief, this was Mr. Frost's first time in his life being imprisoned.

38.    Upon information and belief during those three (3) months Plaintiff **JARRETT FROST** was
assaulted and/or battered by correction officers.

39.    Upon information and belief, while awaiting a Grand Jury, Plaintiff was assaulted by a
Correction Officer during a search of his cell.  Plaintiff was grabbed, placed in a chokehold,
slammed on the floor, punched in the face, punched in the side of the head and kicked.

40.    Upon information and belief after the assault by correction officers Claimant requested medical
attention but his request was denied and/or ignored.

41.    Upon information and belief Plaintiff was unlawfully and/or wrongfully put into solitary
confinement while awaiting the Grand Jury and held in there for/or around one hundred and
twenty (120) days.

42.    Upon information and belief, during this period he was not afforded any access to the law
library or the ability to submit paperwork in the form of a grievance for the above-mentioned
incident.

43.    On or about January 28, 2011, the Grand Jury convened and Plaintiff was charged with Murder
in the second degree, Manslaughter in the first degree, Criminal possession of a weapon in the
second degree and criminal possession of a weapon in the second degree.

44.   Upon information and belief, Mr. Leon Vega and Mr. John McLaurin testified at the Grand Jury.

45.   Upon information and belief, after being indicted, Plaintiff was incarcerated at Rikers Island for approximately three and a half (3 ½) years while awaiting his criminal trial.

46.   Upon information and belief during time spent in Riker's Island Plaintiff was subjected to multiple acts of violence by inmates, as well as subjected to excessive force and/or many acts of violence at the hands of correctional officers.

47.   Upon information and belief and during his time in incarceration, Plaintiff was subjected to continuous acts of retaliation by Defendants **CORRECTION OFFICER TORRES, CORRECTION OFFICER THOMAS, CORRECTION OFFICER SORIA (SHIELD #14511), CORRECTION OFFICER CARTY (SHIELD #4114), CORRECTION OFFICER SOUFFRANT (SHIELD #10980), CORRECTION OFFICER TATOULI, CORRECTION OFFICER CAPTAIN MCDUFFIE (SHIELD #1496), CORRECTION OFFICER PREVILLON (SHIELD #9526), CORRECTION OFFICER GONZALEZ (SHIELD #3720), CORRECTION OFFICER CAPTAIN RYAN (SHIELD #62), CORRECTION OFFICER YOUNG (SHIELD #12344), CORRECTION OFFICER MCLAUGHLIN (SHIELD #17242), CORRECTION OFFICER BARKSDALE (SHIELD #12913), CORRECTION OFFICER CORKER (SHIELD #2801), CORRECTION OFFICER SANCHEZ (SHIELD #17430), CORRECTION OFFICER HILL (SHIELD #15423), CORRECTION OFFICER CAPTAIN CLAYTON JEMMOTT (SHIELD #63), CORRECTION OFFICER JAY JOYE (SHIELD #11414) and CORRECTION OFFICERS JOHN DOE #1-5**, namely in the form of exaggerated, fabricated and deceptive infractions.

48.   Upon information and belief and during his time in incarceration, Plaintiff was subjected to continuous acts of retaliation by Defendants **CORRECTION OFFICER TORRES, CORRECTION OFFICER THOMAS, CORRECTION OFFICER SORIA (SHIELD**

#14511), **CORRECTION OFFICER CARTY (SHIELD #4114), CORRECTION OFFICER SOUFFRANT (SHIELD #10980), CORRECTION OFFICER TATOULI, CORRECTION OFFICER CAPTAIN MCDUFFIE (SHIELD #1496), CORRECTION OFFICER PREVILLON (SHIELD #9526), CORRECTION OFFICER GONZALEZ (SHIELD #3720), CORRECTION OFFICER CAPTAIN RYAN (SHIELD #62), CORRECTION OFFICER YOUNG (SHIELD #12344), CORRECTION OFFICER MCLAUGHLIN (SHIELD #17242), CORRECTION OFFICER BARKSDALE (SHIELD #12913), CORRECTION OFFICER CORKER (SHIELD #2801), CORRECTION OFFICER SANCHEZ (SHIELD #17430), CORRECTION OFFICER HILL (SHIELD #15423), CORRECTION OFFICER CAPTAIN CLAYTON JEMMOTT (SHIELD #63), CORRECTION OFFICER JAY JOYE (SHIELD #11414) and CORRECTION OFFICERS JOHN DOE #1-5**, namely in the form of abuse, assault and excessive force

49.    Upon information and belief and during his time in incarceration, Plaintiff was subjected to continuous acts of retaliation by Defendants **CORRECTION OFFICER TORRES, CORRECTION OFFICER THOMAS, CORRECTION OFFICER SORIA (SHIELD #14511), CORRECTION OFFICER CARTY (SHIELD #4114), CORRECTION OFFICER SOUFFRANT (SHIELD #10980), CORRECTION OFFICER TATOULI, CORRECTION OFFICER CAPTAIN MCDUFFIE (SHIELD #1496), CORRECTION OFFICER PREVILLON (SHIELD #9526), CORRECTION OFFICER GONZALEZ (SHIELD #3720), CORRECTION OFFICER CAPTAIN RYAN (SHIELD #62), CORRECTION OFFICER YOUNG (SHIELD #12344), CORRECTION OFFICER MCLAUGHLIN (SHIELD #17242), CORRECTION OFFICER BARKSDALE (SHIELD #12913), CORRECTION OFFICER CORKER (SHIELD #2801), CORRECTION OFFICER SANCHEZ (SHIELD #17430), CORRECTION OFFICER HILL (SHIELD #15423), CORRECTION OFFICER CAPTAIN CLAYTON**

JEMMOTT (SHIELD #63), CORRECTION OFFICER JAY JOYE (SHIELD #11414) and CORRECTION OFFICERS JOHN DOE #1-5, namely in the form of punishments.

50.     Upon information and belief and during his time in incarceration, Plaintiff was subjected to continuous acts of retaliation by Defendants CORRECTION OFFICER TORRES, CORRECTION OFFICER THOMAS, CORRECTION OFFICER SORIA (SHIELD #14511), CORRECTION OFFICER CARTY (SHIELD #4114), CORRECTION OFFICER SOUFFRANT (SHIELD #10980), CORRECTION OFFICER TATOULI, CORRECTION OFFICER CAPTAIN MCDUFFIE (SHIELD #1496), CORRECTION OFFICER PREVILLON (SHIELD #9526), CORRECTION OFFICER GONZALEZ (SHIELD #3720), CORRECTION OFFICER CAPTAIN RYAN (SHIELD #62), CORRECTION OFFICER YOUNG (SHIELD #12344), CORRECTION OFFICER MCLAUGHLIN (SHIELD #17242), CORRECTION OFFICER BARKSDALE (SHIELD #12913), CORRECTION OFFICER CORKER (SHIELD #2801), CORRECTION OFFICER SANCHEZ (SHIELD #17430), CORRECTION OFFICER HILL (SHIELD #15423), CORRECTION OFFICER CAPTAIN CLAYTON JEMMOTT (SHIELD #63), CORRECTION OFFICER JAY JOYE (SHIELD #11414) and CORRECTION OFFICERS JOHN DOE #1-5, namely in the form of "looking the other way" during inmate-on-inmate abuse and altercations by failing to intervene to stop the fighting.

51.     Upon information and belief, on May 16, 2011, a retaliatory infraction was imposed on him.

52.     Upon information and belief, on May 20, 2011, a disciplinary disposition was filed against Claimant.

53.     Upon information and belief, on August 2, 2011, Plaintiff JARRETT FROST was charged with assault third degree and on December 1, 2014, was convicted by a plea.

54.     Upon information and belief, on September 2011, Plaintiff JARRETT FROST was handcuffed and taken into the search room where he was assaulted by correctional officers, and

as a result he sustained multiple injuries.   He was kicked and beaten, maced and as a result, sent for medical treatment.

55.     Upon information and belief, on November 2, 2011, disciplinary disposition was imposed on Plaintiff.

56.     Upon information and belief, on November 15, 2011, disciplinary disposition was imposed on Plaintiff.

57.     Upon information and belief, on February 15, 2012, Plaintiff was strip searched and chemical agents were deployed by correctional officers, and a retaliatory infraction was imposed on him.

58.     Upon information and belief, on February 22, 2012, Plaintiff **JARRETT FROST** received an enhanced restraint status.

59.     Upon information and belief, on February 24, 2012, Plaintiff received a disciplinary disposition.

60.     Upon information and belief, on April 24, 2012, Plaintiff received a disciplinary disposition.1

61.     Upon information and belief, on July 25, 2012, when Defendants **CORRECTION OFFICER TORRES AND CORRECTION OFFICER THOMAS** failed to intervene when Plaintiff was involved in an unprovoked altercation with another inmate and as a result, **JARRETT FROST** sustained four (4) cm long laceration on his left forearm.

62.     Upon information and belief, on July 31, 2012, disciplinary disposition was imposed on Plaintiff.

63.     Upon information and belief, on September 14, 2012, Plaintiff **JARRETT FROST** was charged with refusal to obey orders and an infraction was imposed on him.

64.     Upon information and belief, on October 9, 2012, Plaintiff could not breathe during transportation and requested medical attention.  All requests for medical attention were denied and an infraction was imposed on him.

---

1 .  Plaintiff acknowledges that all events/incidents/infractions described from his period of incarceration leading up to and including June 26, 2012 are listed only for purposes of demonstrating a pattern of abuse. Mr. Frost acknowledges that the Statute of Limitations expired before that date and will only be listing these acts as demonstrative of continuous patterns of multiple acts of violence against Mr. Frost as it applies to his claims for Intentional Infliction of Emotional Distress and other emotional damages. All events/incidents/infractions described from June 27, 2012 through his release are viable.

65. Upon information and belief, on October 9, 2012, Plaintiff was brutally assaulted by Defendants, **CORRECTION OFFICER CAPTAIN CLAYTON JEMMOTT (SHIELD #63)** and **CORRECTION OFFICER JAY JOYE (SHIELD #11414)** in, at, near or around the Bronx Supreme Court.

66. Upon information and belief, on October 12, 2012, a disciplinary disposition was imposed upon Plaintiff.

67. Upon information and belief, on November 17, 2012, a grievance was filed by Plaintiff regarding the above-mentioned incident dated October 9, 2012.

68. Upon information and belief, on December 3, 2012, during the cell search by correction officers, contraband was allegedly found in the Plaintiff's cell. As a result, an infraction was imposed on him.

69. Upon information and belief, on December 13, 2012, a disciplinary disposition was filed.

70. Upon information and belief, on December 21, 2012, a grievance for assault was filed by Plaintiff.

71. Upon information and belief, on January 16, 2013 Plaintiff was falsely accused of possession of contraband and brutally and viciously assaulted by Defendants **CORRECTION OFFICER CAPTAIN RYAN (SHIELD #62), CORRECTION OFFICER YOUNG (SHIELD #12344), CORRECTION OFFICER MCLAUGHLIN (SHIELD #17242), CORRECTION OFFICER BARKSDALE (SHIELD #12913), CORRECTION OFFICER CORKER (SHIELD #2801), CORRECTION OFFICER SANCHEZ (SHIELD #17430), CORRECTION OFFICER HILL (SHIELD #15423).** Upon information and belief, the report was later falsified. This false report and these false accusations lead to Mr. Frost being forced into punitive segregation. Upon information and belief, these officers were part of a squad found to have a pattern of falsifying reports, were without clearance to investigate and were not following correct protocol.

72.  Upon information and belief, Defendants **CORRECTION OFFICER CAPTAIN RYAN (SHIELD #62), CORRECTION OFFICER YOUNG (SHIELD #12344), CORRECTION OFFICER MCLAUGHLIN (SHIELD #17242), CORRECTION OFFICER BARKSDALE (SHIELD #12913), CORRECTION OFFICER CORKER (SHIELD #2801), CORRECTION OFFICER SANCHEZ (SHIELD #17430), CORRECTION OFFICER HILL (SHIELD #15423)** pepper sprayed Plaintiff **JARRETT FROST's** face, used unnecessary, excessive force, namely pushed, shoved, punched and kicked him and pepper sprayed and/or dispensed an unknown substance directly into his eyes.

73.  Upon information and belief, on January 24, 2013, a retaliatory disciplinary disposition was filed on Plaintiff.

74.  Upon information and belief, on January 30, 2013, an infraction against Plaintiff was dismissed and was expunged.

75.  Upon information and belief, on May 7, 2013, Plaintiff **JARRETT FROST** was charged with promoting prison contraband in second degree, and on December 1, 2014, he was convicted by plea.

76.  Upon information and belief, on March 8, 2013, Plaintiff was charged with allegedly refusing to follow correctional officer's orders, and as a result, an infraction was imposed on him.

77.  Upon information and belief, on May 9, 2013, Plaintiff was charged with allegedly refusing to follow correctional officer's orders, and as a result, an infraction was imposed on him.

78.  Upon information and belief, on May 16, 2013, a disciplinary disposition was filed against Plaintiff.

79.  Upon information and belief, on June 7, 2013, Plaintiff **JARRETT FROST** was charged with an assault on correctional officer, disrespect to staff, and disrupting institutional programs. An infraction was imposed on him.

80.  Upon information and belief, on June 21, 2013, Plaintiff received his GED while incarcerated.

81.  Upon information and belief, on July 16, 2013, Plaintiff **JARRETT FROST** was assaulted and battered by Defendants **CORRECTION OFFICER SORIA (SHIELD #14511), CORRECTION OFFICER CARTY (SHIELD #4114), CORRECTION OFFICER SOUFFRANT (SHIELD #10980), CORRECTION OFFICER TATOULI, CORRECTION OFFICER CAPTAIN MCDUFFIE (SHIELD #1496), CORRECTION OFFICER PREVILLON (SHIELD #9526)** and **CORRECTION OFFICER GONZALEZ (SHIELD #3720)**, and an infraction was imposed on him.

82.  On or about July 30, 2013 a timely Notice of Claim was filed on behalf of the Plaintiff regarding the incident of July 16, 2013.

83.  Upon information and belief, while in the cell in the yard, plaintiff was grabbed, punched and thrown onto the ground by Defendants **CORRECTION OFFICER SORIA (SHIELD #14511), CORRECTION OFFICER CARTY (SHIELD #4114), CORRECTION OFFICER SOUFFRANT (SHIELD #10980), CORRECTION OFFICER TATOULI, CORRECTION OFFICER CAPTAIN MCDUFFIE (SHIELD #1496), CORRECTION OFFICER PREVILLON (SHIELD #9526)** and **CORRECTION OFFICER GONZALEZ (SHIELD #3720)**.  As a result of this beating, medical treatment was sought.

84.  Upon information and belief, on September 3, 2013, Plaintiff was charged with an assault on staff, intentional cause miscount which occurred after a chemical agent was deployed to remove Plaintiff from the cell, and an infraction was imposed on him.

85.  Upon information and belief, on September 10, 2013, a disciplinary disposition was imposed on Plaintiff.

86.  Upon information and belief, on September 25, 2013, a disciplinary disposition was imposed on Plaintiff.

87.  Upon information and belief, on October 29, 2013, Plaintiff was allegedly charged with assault, fighting, destruction of property, and disrespect for staff. An infraction was imposed on Plaintiff.

88.   Upon information and belief, on November 4, 2013, a hearing report was filed.

89.   Upon information and belief, as a result of this wrongful, unlawful and unjustified imprisonment, Plaintiff **JARRETT FROST** has suffered serious and severe health conditions, including, but not limited to, Post Traumatic Stress Disorder (PTSD).

90.   Upon information and belief, as a result of the underlying incident leading to his arrest, Plaintiff could not or was unable to finish his studies in Bronx Academy because he was arrested and incarcerated.

91.   Upon information and belief, Plaintiff was put into solitary confinement more than twenty (20) times.

92.   Upon information and belief, Plaintiff was placed in solitary confinement for several extended periods of time during his incarceration, without reason or just cause.

93.   Upon information and belief, Plaintiff has suffered severe and significant personal injuries and was otherwise damaged.

94.   Upon information and belief, Plaintiff attended many hearings during his time at Rikers Island.

95.   Upon information and belief, Plaintiff was present for the duration of his criminal trial, which lasted from June 2, 2014 until June 24, 2014.

96.   At the conclusion of trial, Plaintiff was found Not Guilty, **JARRETT FROST** was acquitted of all charges on June 24, 2014.

97.   Upon information and belief, Plaintiff was released from the prison on June 27, 2014, approximately three (3) days after he was acquitted.

98.   Upon information and belief, Plaintiff was incarcerated for approximately forty-two (42) months.

99.   Upon information and belief, Plaintiff even after release was mandated to attend numerous court appearances with regards to the additional charges he received while in prison.

100.   Upon information and belief, Plaintiff has never served time in prison prior to this incident.

### AS AND FOR A FIRST CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE

16

## UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983
## BY THE CITY OF NEW YORK

101.   Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

102.   At all times material to this complaint, Defendant **THE CITY OF NEW YORK** acting through its police department and through Defendants **THE CITY OF NEW YORK, DETECTIVE RICHARD SPENNICCHIA (TAX ID #920865), DETECTIVE JOSEPH O'NEIL (TAX ID #918543), SERGEANT MICHAEL LOPUZZO (SHIELD #882662), DETECTIVES JOHN DOE#1-2, CORRECTION OFFICER TORRES, CORRECTION OFFICER THOMAS, CORRECTION OFFICER SORIA (SHIELD #14511), CORRECTION OFFICER CARTY (SHIELD #4114), CORRECTION OFFICER SOUFFRANT (SHIELD #10980), CORRECTION OFFICER TATOULI, CORRECTION OFFICER CAPTAIN MCDUFFIE (SHIELD #1496), CORRECTION OFFICER PREVILLON (SHIELD #9526), CORRECTION OFFICER GONZALEZ (SHIELD #3720), CORRECTION OFFICER CAPTAIN RYAN (SHIELD #62), CORRECTION OFFICER YOUNG (SHIELD #12344), CORRECTION OFFICER MCLAUGHLIN (SHIELD #17242), CORRECTION OFFICER BARKSDALE (SHIELD #12913), CORRECTION OFFICER CORKER (SHIELD #2801), CORRECTION OFFICER SANCHEZ (SHIELD #17430), CORRECTION OFFICER HILL (SHIELD #15423), CORRECTION OFFICER CAPTAIN CLAYTON JEMMOTT (SHIELD #63), CORRECTION OFFICER JAY JOYE (SHIELD #11414)** and **CORRECTION OFFICERS JOHN DOE #1-5** had in effect actual and/or *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

103.   At all times material to this complaint, Defendant **THE CITY OF NEW YORK** acting through its police department, department of correction and through Defendants **THE CITY OF NEW YORK, DETECTIVE RICHARD SPENNICCHIA (TAX ID #920865),**

17

DETECTIVE JOSEPH O'NEIL (TAX ID #918543), SERGEANT MICHAEL LOPUZZO (SHIELD #882662), DETECTIVES JOHN DOE#1-2, CORRECTION OFFICER TORRES, CORRECTION OFFICER THOMAS, CORRECTION OFFICER SORIA (SHIELD #14511), CORRECTION OFFICER CARTY (SHIELD #4114), CORRECTION OFFICER SOUFFRANT (SHIELD #10980), CORRECTION OFFICER TATOULI, CORRECTION OFFICER CAPTAIN MCDUFFIE (SHIELD #1496), CORRECTION OFFICER PREVILLON (SHIELD #9526), CORRECTION OFFICER GONZALEZ (SHIELD #3720), CORRECTION OFFICER CAPTAIN RYAN (SHIELD #62), CORRECTION OFFICER YOUNG (SHIELD #12344), CORRECTION OFFICER MCLAUGHLIN (SHIELD #17242), CORRECTION OFFICER BARKSDALE (SHIELD #12913), CORRECTION OFFICER CORKER (SHIELD #2801), CORRECTION OFFICER SANCHEZ (SHIELD #17430), CORRECTION OFFICER HILL (SHIELD #15423), CORRECTION OFFICER CAPTAIN CLAYTON JEMMOTT (SHIELD #63), CORRECTION OFFICER JAY JOYE (SHIELD #11414) and CORRECTION OFFICERS JOHN DOE #1-5 had in effect and/or *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise and discipline employees and police officers, and of failing to inform the individual Defendants' supervisors of the need to train, screen, supervise and discipline said Defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

104.    Defendant **THE CITY OF NEW YORK** acting through its police department, department of correction and through Defendants **THE CITY OF NEW YORK, DETECTIVE RICHARD SPENNICCHIA (TAX ID #920865), DETECTIVE JOSEPH O'NEIL (TAX ID #918543), SERGEANT MICHAEL LOPUZZO (SHIELD #882662), DETECTIVES JOHN DOE#1-2, CORRECTION OFFICER TORRES, CORRECTION OFFICER THOMAS, CORRECTION OFFICER SORIA (SHIELD**

18

**#14511), CORRECTION OFFICER CARTY (SHIELD #4114), CORRECTION OFFICER SOUFFRANT (SHIELD #10980), CORRECTION OFFICER TATOULI, CORRECTION OFFICER CAPTAIN MCDUFFIE (SHIELD #1496), CORRECTION OFFICER PREVILLON (SHIELD #9526), CORRECTION OFFICER GONZALEZ (SHIELD #3720), CORRECTION OFFICER CAPTAIN RYAN (SHIELD #62), CORRECTION OFFICER YOUNG (SHIELD #12344), CORRECTION OFFICER MCLAUGHLIN (SHIELD #17242), CORRECTION OFFICER BARKSDALE (SHIELD #12913), CORRECTION OFFICER CORKER (SHIELD #2801), CORRECTION OFFICER SANCHEZ (SHIELD #17430), CORRECTION OFFICER HILL (SHIELD #15423), CORRECTION OFFICER CAPTAIN CLAYTON JEMMOTT (SHIELD #63), CORRECTION OFFICER JAY JOYE (SHIELD #11414) and CORRECTION OFFICERS JOHN DOE #1-5,** being aware that such lack of training, screening, supervision, and discipline leads to improper conduct, acted with deliberate indifference in failing to establish a program of effective training, screening, supervision and discipline. Defendant **THE CITY OF NEW YORK** being aware that the persistent and substantial risk of improper detention of persons based upon insufficient or incorrect information, and effective training, screening, supervision and discipline would lessen the likelihood of such occurrences. There are recurrent circumstances which involve such potential danger to the constitutional rights of citizens, more specifically Plaintiff and which are officially tolerated by Defendant **THE CITY OF NEW YORK**. Such policies, practices, customs or usages were a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the harm/damages alleged herein, in violation of Plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

105.   The existence of the above-described de facto unlawful policies and/or well-settled and widespread customs and practices is known to, encouraged and/or condoned by supervisory

and policy-making officers and Correction Officers and defendant **THE CITY OF NEW YORK**, including but not limited to the DOC.

106.   At the time of the aforementioned constitutional violations, the **THE CITY OF NEW YORK** and DOC were and had been on notice of such unconstitutional conduct, customs, and de facto policies, such that the failure of City and DOC to take appropriate remedial action amounted to deliberate indifference to the constitutional rights of persons with whom the correction officers come in contact. In light of the extensive pattern of well-settled, pervasive customs and policies causing constitutional violations, documented in part infra, the need for more effective supervision and other remedial measures was patently obvious, but the **THE CITY OF NEW YORK** and DOC made no meaningful attempt to prevent future constitutional violations.

107.   Defendant **THE CITY OF NEW YORK** knew or should have known that the acts alleged herein would deprive Plaintiff of his rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

108.   Defendant **THE CITY OF NEW YORK** is directly liable and responsible for the acts of Defendants, as it repeatedly and knowingly failed to properly supervise, train, instruct, and discipline them and because it repeatedly and knowingly failed to enforce the rules and regulations of the City and DOC, and to require compliance with the Constitution and laws of the United States.

109.   Despite knowledge of such unlawful de facto policies, practices, and/or customs, these supervisory and policy-making officers and officials of the DOC and the **THE CITY OF NEW YORK**, including the DOC, have not taken steps to terminate these policies, practices and/or customs, do not discipline individuals who engage in such polices, practices and/or customs, or otherwise properly train police officers with regard to the constitutional and statutory limits on the exercise of their authority, and instead approve and ratify these policies, practices and/or customs through their active encouragement of, deliberate indifference to

20

and/or reckless disregard of the effects of said policies, practices and/or customs or the constitutional rights of persons in the City of New York.

110.   The aforementioned Defendant's **THE CITY OF NEW YORK** policies, practices and/or customs of failing to supervise, train, instruct and discipline police officers and encouraging their misconduct are evidenced by the police misconduct detailed herein. Specifically, pursuant to the aforementioned City  policies, practices and/or customs, Defendants felt empowered to arrest Plaintiff without probable cause and then fabricate and swear to a false story to cover up their blatant violations of Plaintiff's constitutional rights.

111.   Pursuant to the aforementioned **THE CITY OF NEW YORK** policies, practices and/or customs, the officers failed to intervene in or report Defendants' violations of Plaintiff's rights.

112.   Plaintiff's injuries were a direct and proximate result of the defendant **THE CITY OF NEW YORK**'s wrongful de facto policies and/or well-settled and widespread customs and practices and of the knowing and repeated failure of the defendant **THE CITY OF NEW YORK** to properly supervise, train and discipline their correction officers.

113.   As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific physical, psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A SECOND CAUSE OF ACTION
DEPRIVATION OF RIGHTS UNDER THE
UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983
BY THE CITY OF NEW YORK, DETECTIVE RICHARD SPENNICCHIA (TAX ID #920865), DETECTIVE JOSEPH O'NEIL (TAX ID #918543), SERGEANT MICHAEL LOPUZZO (SHIELD #882662), DETECTIVES JOHN DOE#1-2, CORRECTION OFFICER TORRES, CORRECTION OFFICER THOMAS, CORRECTION OFFICER SORIA (SHIELD #14511), CORRECTION OFFICER CARTY (SHIELD #4114), CORRECTION OFFICER SOUFFRANT (SHIELD #10980), CORRECTION OFFICER TATOULI, CORRECTION OFFICER CAPTAIN MCDUFFIE (SHIELD #1496), CORRECTION OFFICER PREVILLON (SHIELD #9526), CORRECTION OFFICER GONZALEZ (SHIELD #3720), CORRECTION OFFICER CAPTAIN RYAN (SHIELD #62), CORRECTION OFFICER YOUNG (SHIELD #12344), CORRECTION OFFICER MCLAUGHLIN (SHIELD #17242), CORRECTION OFFICER BARKSDALE (SHIELD #12913), CORRECTION OFFICER CORKER (SHIELD #2801), CORRECTION OFFICER SANCHEZ (SHIELD #17430), CORRECTION OFFICER HILL (SHIELD

#15423), **CORRECTION OFFICER CAPTAIN CLAYTON JEMMOTT (SHIELD #63), CORRECTION OFFICER JAY JOYE (SHIELD #11414) and CORRECTION OFFICERS JOHN DOE #1-5**

114.   Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

115.   By his conduct and actions in arresting, searching, imprisoning, failing to intercede on behalf of Plaintiff and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of Defendants **THE CITY OF NEW YORK** and by **DETECTIVE RICHARD SPENNICCHIA (TAX ID #920865), DETECTIVE JOSEPH O'NEIL (TAX ID #918543), SERGEANT MICHAEL LOPUZZO (SHIELD #882662), DETECTIVES JOHN DOE#1-2, CORRECTION OFFICER TORRES, CORRECTION OFFICER THOMAS, CORRECTION OFFICER SORIA (SHIELD #14511), CORRECTION OFFICER CARTY (SHIELD #4114), CORRECTION OFFICER SOUFFRANT (SHIELD #10980), CORRECTION OFFICER TATOULI, CORRECTION OFFICER CAPTAIN MCDUFFIE (SHIELD #1496), CORRECTION OFFICER PREVILLON (SHIELD #9526), CORRECTION OFFICER GONZALEZ (SHIELD #3720), CORRECTION OFFICER CAPTAIN RYAN (SHIELD #62), CORRECTION OFFICER YOUNG (SHIELD #12344), CORRECTION OFFICER MCLAUGHLIN (SHIELD #17242), CORRECTION OFFICER BARKSDALE (SHIELD #12913), CORRECTION OFFICER CORKER (SHIELD #2801), CORRECTION OFFICER SANCHEZ (SHIELD #17430), CORRECTION OFFICER HILL (SHIELD #15423), CORRECTION OFFICER CAPTAIN CLAYTON JEMMOTT (SHIELD #63), CORRECTION OFFICER JAY JOYE (SHIELD #11414) and CORRECTION OFFICERS JOHN DOE #1-5** acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to and/or a reckless disregard for the natural and probable consequences of his acts, caused injury and damage in violation of Plaintiff's due process clause and constitutional rights as guaranteed

under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

116.    As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific physical, psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A THIRD CAUSE OF ACTION**
**EXCESSIVE FORCE WITH RESPECT TO MUNICIPAL LIABILITY FROM**
**JUNE 27, 2012 THROUGH THE DATE OF HIS EVENTUAL RELEASE**

117.    Plaintiff Mr. Frost repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

118.    Throughout the period of his imprisonment and/or detention, Plaintiff was continuously subjected to excessive and unreasonable detention and to multiple excessive and unnecessary and unreasonable acts of physical force (while in detention), and to unnecessary and unreasonable and excessive terms and conditions of his imprisonment (including being put in solitary confinement), at the hands of Defendants under the color of state law, in violation of his rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 USC § 1983.

119.    In addition to the violation of Plaintiff's constitutional rights as stated above, it is clear from the outlined allegations, there was a municipal policy or custom that caused Mr. Frost's injuries and the policies (specifically but not unconstitutional conditions of confinement, excessive force, and placement in solitary confinement) were causally connected to Mr. Frost's deprivation of constitutional rights.[2]

120.    Mr. Frost was continually subjected to harassment and violence by, *inter alia*, correction officers, and that the officers tolerated continual harassment and violence against him by

---

[2] In light of recent revelations about widespread brutality at Rikers Island, that discovery will reveal that an unconstitutional custom and/or practice of officer-on-inmate violence, combined with a failure of training and supervision, indeed existed at that jail. See Michael Winerip and Michael Schwirtz, Rikers: Where Mental Illness Meets Brutality in Jail, N.Y. Times, July 14, 2014.

fellow inmates. He was unlawfully put in solitary confinement – a condition that Amnesty International has characterized as akin to torture – not one but at least ten times. Again, this is a pattern of conduct involving multiple officers over an extended period of time, which creates an inference that a failure to train and/or supervise existed. *Amnesty America v. Town of West Hartford*, 361 F.3d 113, 130 n. 10 (2d Cir. 2004).

121.    Mr. Frost's treatment during his confinement was the result of something more than a single officer's misconduct. This "something more" was a custom or policy of encouraging, condoning or turning a blind eye to the types of misconduct complained of.

122.    Mr. Frost's "excessive force" claim is an amalgam of physical assaults by corrections officers, inmate-on-inmate violence and punitive use of solitary confinement. Each of those components has distinct constitutional roots. *See Deshaney v. Winnebego County Dep't of Soc. Servs.*, 489 U.S. 189, 199-200 (1989) ("[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being."); *Bell v.Wolfish*, 441 U.S. 520, 535 (1979) ("[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law."). Additionally, for present purposes, they may be treated collectively.

123.    As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**VIOLATION OF SUBSTANTIVE DUE PROCESS**
BY THE CITY OF NEW YORK, DETECTIVE RICHARD SPENNICCHIA (TAX ID #920865), DETECTIVE JOSEPH O'NEIL (TAX ID #918543), SERGEANT MICHAEL LOPUZZO (SHIELD #882662), DETECTIVES JOHN DOE#1-2, CORRECTION OFFICER TORRES, CORRECTION OFFICER THOMAS, CORRECTION OFFICER SORIA (SHIELD #14511), CORRECTION OFFICER CARTY (SHIELD #4114), CORRECTION OFFICER SOUFFRANT (SHIELD #10980), CORRECTION OFFICER TATOULI, CORRECTION OFFICER CAPTAIN MCDUFFIE (SHIELD #1496), CORRECTION OFFICER PREVILLON (SHIELD #9526), CORRECTION OFFICER GONZALEZ (SHIELD #3720), CORRECTION OFFICER CAPTAIN RYAN (SHIELD #62), CORRECTION OFFICER YOUNG (SHIELD #12344), CORRECTION OFFICER

MCLAUGHLIN (SHIELD #17242), CORRECTION OFFICER BARKSDALE (SHIELD
#12913), CORRECTION OFFICER CORKER (SHIELD #2801), CORRECTION
OFFICER SANCHEZ (SHIELD #17430), CORRECTION OFFICER HILL (SHIELD
#15423), CORRECTION OFFICER CAPTAIN CLAYTON JEMMOTT (SHIELD #63),
CORRECTION OFFICER JAY JOYE (SHIELD #11414) and CORRECTION OFFICERS
JOHN DOE #1-5

124.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same

force and effect as thought fully stated herein.

125.    Defendants **THE CITY OF NEW YORK, DETECTIVE RICHARD SPENNICCHIA**

**(TAX ID #920865), DETECTIVE JOSEPH O'NEIL (TAX ID #918543), SERGEANT**

**MICHAEL LOPUZZO (SHIELD #882662), DETECTIVES JOHN DOE#1-2,**

**CORRECTION OFFICER TORRES, CORRECTION OFFICER THOMAS,**

**CORRECTION OFFICER SORIA (SHIELD #14511), CORRECTION OFFICER**

**CARTY (SHIELD #4114), CORRECTION OFFICER SOUFFRANT (SHIELD**

**#10980), CORRECTION OFFICER TATOULI, CORRECTION OFFICER**

**CAPTAIN MCDUFFIE (SHIELD #1496), CORRECTION OFFICER PREVILLON**

**(SHIELD #9526), CORRECTION OFFICER GONZALEZ (SHIELD #3720),**

**CORRECTION OFFICER CAPTAIN RYAN (SHIELD #62), CORRECTION**

**OFFICER YOUNG (SHIELD #12344), CORRECTION OFFICER MCLAUGHLIN**

**(SHIELD #17242), CORRECTION OFFICER BARKSDALE (SHIELD #12913),**

**CORRECTION OFFICER CORKER (SHIELD #2801), CORRECTION OFFICER**

**SANCHEZ (SHIELD #17430), CORRECTION OFFICER HILL (SHIELD #15423),**

**CORRECTION OFFICER CAPTAIN CLAYTON JEMMOTT (SHIELD #63),**

**CORRECTION OFFICER JAY JOYE (SHIELD #11414) and CORRECTION**

**OFFICERS JOHN DOE #1-5,** individually and collectively are liable pursuant to 42 U.S.C. §

1983 for abuses against Plaintiff that shock the conscience in violation of the Fourteenth

Amendment to the United States Constitution.

126.   Defendants **THE CITY OF NEW YORK, DETECTIVE RICHARD SPENNICCHIA (TAX ID #920865), DETECTIVE JOSEPH O'NEIL (TAX ID #918543), SERGEANT MICHAEL LOPUZZO (SHIELD #882662), DETECTIVES JOHN DOE#1-2, CORRECTION OFFICER TORRES, CORRECTION OFFICER THOMAS, CORRECTION OFFICER SORIA (SHIELD #14511), CORRECTION OFFICER CARTY (SHIELD #4114), CORRECTION OFFICER SOUFFRANT (SHIELD #10980), CORRECTION OFFICER TATOULI, CORRECTION OFFICER CAPTAIN MCDUFFIE (SHIELD #1496), CORRECTION OFFICER PREVILLON (SHIELD #9526), CORRECTION OFFICER GONZALEZ (SHIELD #3720), CORRECTION OFFICER CAPTAIN RYAN (SHIELD #62), CORRECTION OFFICER YOUNG (SHIELD #12344), CORRECTION OFFICER MCLAUGHLIN (SHIELD #17242), CORRECTION OFFICER BARKSDALE (SHIELD #12913), CORRECTION OFFICER CORKER (SHIELD #2801), CORRECTION OFFICER SANCHEZ (SHIELD #17430), CORRECTION OFFICER HILL (SHIELD #15423), CORRECTION OFFICER CAPTAIN CLAYTON JEMMOTT (SHIELD #63), CORRECTION OFFICER JAY JOYE (SHIELD #11414) and CORRECTION OFFICERS JOHN DOE #1-5,** individually and collectively are liable for abuses against Plaintiff that shock the conscience in violation of Article 1, § 5 of the New York State Constitution.

127.   Defendants **THE CITY OF NEW YORK, DETECTIVE RICHARD SPENNICCHIA (TAX ID #920865), DETECTIVE JOSEPH O'NEIL (TAX ID #918543), SERGEANT MICHAEL LOPUZZO (SHIELD #882662), DETECTIVES JOHN DOE#1-2, CORRECTION OFFICER TORRES, CORRECTION OFFICER THOMAS, CORRECTION OFFICER SORIA (SHIELD #14511), CORRECTION OFFICER CARTY (SHIELD #4114), CORRECTION OFFICER SOUFFRANT (SHIELD #10980), CORRECTION OFFICER TATOULI, CORRECTION OFFICER**

**CAPTAIN MCDUFFIE (SHIELD #1496), CORRECTION OFFICER PREVILLON (SHIELD #9526), CORRECTION OFFICER GONZALEZ (SHIELD #3720), CORRECTION OFFICER CAPTAIN RYAN (SHIELD #62), CORRECTION OFFICER YOUNG (SHIELD #12344), CORRECTION OFFICER MCLAUGHLIN (SHIELD #17242), CORRECTION OFFICER BARKSDALE (SHIELD #12913), CORRECTION OFFICER CORKER (SHIELD #2801), CORRECTION OFFICER SANCHEZ (SHIELD #17430), CORRECTION OFFICER HILL (SHIELD #15423), CORRECTION OFFICER CAPTAIN CLAYTON JEMMOTT (SHIELD #63), CORRECTION OFFICER JAY JOYE (SHIELD #11414) and CORRECTION OFFICERS JOHN DOE #1-5,** individually and collectively are liable for abuses against Plaintiff that shock the conscience in violation of New York law, rules and regulations.

128. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A FIFTH CAUSE OF ACTION
### MALICIOUS PROSECUTION UNDER THE
### UNITED STATES CONSTITUTION and 42 U.S.C. § 1983

129. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

130. By the actions described above, Defendants **THE CITY OF NEW YORK, DETECTIVE RICHARD SPENNICCHIA (TAX ID #920865), DETECTIVE JOSEPH O'NEIL (TAX ID #918543), SERGEANT MICHAEL LOPUZZO (SHIELD #882662) AND DETECTIVES JOHN DOE#1-2** initiated a prosecution against Plaintiff Mr. Frost.

131. By the actions described above, Defendants **THE CITY OF NEW YORK, DETECTIVE RICHARD SPENNICCHIA (TAX ID #920865), DETECTIVE JOSEPH O'NEIL (TAX ID #918543), SERGEANT MICHAEL LOPUZZO (SHIELD #882662) AND DETECTIVES JOHN DOE#1-2** lacked probable cause to believe the proceeding could

27

succeed.

132. By the actions described above, Defendants **THE CITY OF NEW YORK, DETECTIVE RICHARD SPENNICCHIA (TAX ID #920865), DETECTIVE JOSEPH O'NEIL (TAX ID #918543), SERGEANT MICHAEL LOPUZZO (SHIELD #882662) AND DETECTIVES JOHN DOE#1-2** caused Plaintiff to be maliciously prosecuted without any probable cause, without reasonable suspicion, without any proper claims, without any right or authority to do so, illegally and with malice.

133. Defendants **THE CITY OF NEW YORK, DETECTIVE RICHARD SPENNICCHIA (TAX ID #920865), DETECTIVE JOSEPH O'NEIL (TAX ID #918543), SERGEANT MICHAEL LOPUZZO (SHIELD #882662), AND DETECTIVES JOHN DOE#1-2** arrested and issued legal process in order to obtain collateral objectives outside the legitimate ends of the legal process and intimidated Plaintiff Mr. Frost for their personal interest and further to prevent Plaintiff from disclosing the aforementioned evidence of their misconduct.

134. Upon information and belief, witnesses were intimidated by Defendants **THE CITY OF NEW YORK, DETECTIVE RICHARD SPENNICCHIA (TAX ID #920865), DETECTIVE JOSEPH O'NEIL (TAX ID #918543), SERGEANT MICHAEL LOPUZZO (SHIELD #882662), AND DETECTIVES JOHN DOE#1-2** and forced to implicate Mr. Frost in the alleged homicide.

135. Upon information and belief, at least one if not more detectives believed that Mr. Frost was not a suspect and should not have been arrested and failed to intervene or intercede.

136. Upon information and belief, witnesses were provided with what to say at the Grand Jury by Defendants **THE CITY OF NEW YORK, DETECTIVE RICHARD SPENNICCHIA (TAX ID #920865), DETECTIVE JOSEPH O'NEIL (TAX ID #918543), SERGEANT MICHAEL LOPUZZO (SHIELD #882662), AND DETECTIVES JOHN DOE#1-2.**

137. The prosecution was ultimately terminated in favor of Plaintiff Mr. Frost after an acquittal of all charges at trial.

28

138.   As a result of the foregoing, Plaintiff Mr. Frost was deprived of his liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A SIXTH CAUSE OF ACTION
### FALSE ARREST, FALSE IMPRISONMENT and MALICIOUS PROSECUTION FOR THE INCIDENT OF 07/16/2013

139.   Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

140.   By the actions described above, Defendants **THE CITY OF NEW YORK, CORRECTION OFFICER SORIA (SHIELD #14511), CORRECTION OFFICER CARTY (SHIELD #4114), CORRECTION OFFICER SOUFFRANT (SHIELD #10980), CORRECTION OFFICER TATOULI, CORRECTION OFFICER CAPTAIN MCDUFFIE (SHIELD #1496), CORRECTION OFFICER PREVILLON (SHIELD #9526), CORRECTION OFFICER GONZALEZ (SHIELD #3720) and CORRECTION OFFICERS JOHN DOE #1-5,** caused Plaintiff to be falsely arrested and falsely imprisoned without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so and with malice.  The acts and conduct of Defendant were the direct and proximate cause of injury and damage to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

141.   A timely Notice of Claim was filed on behalf of Plaintiff specifically for the incident of July 16, 2013.

142.   Defendants **THE CITY OF NEW YORK, CORRECTION OFFICER SORIA (SHIELD #14511), CORRECTION OFFICER CARTY (SHIELD #4114), CORRECTION OFFICER SOUFFRANT (SHIELD #10980), CORRECTION OFFICER TATOULI, CORRECTION OFFICER CAPTAIN MCDUFFIE (SHIELD #1496), CORRECTION OFFICER PREVILLON (SHIELD #9526), CORRECTION OFFICER GONZALEZ (SHIELD #3720) and CORRECTION OFFICERS JOHN DOE #1-5**arrested and issued

legal process in order to obtain collateral objectives outside the legitimate ends of the legal process and intimidating Plaintiff for their personal interest and further to prevent Plaintiff from disclosing the aforementioned evidence of their misconduct.

143.    Defendants acted with intent to do harm to Plaintiff without excuse or justification.

144.    A timely Notice of Claim was filed with the City of New York.

145.    As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR AN SEVENTH CAUSE OF ACTION**
**VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO**
**THE COMMON LAW OF THE STATE OF NEW YORK**
**VIA BATTERY FOR THE INCIDENT OF 07/16/2013**

146.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

147.    Defendant **THE CITY OF NEW YORK** is vicariously liable to Plaintiff for the individual Defendant's **CORRECTION OFFICER SORIA (SHIELD #14511), CORRECTION OFFICER CARTY (SHIELD #4114), CORRECTION OFFICER SOUFFRANT (SHIELD #10980), CORRECTION OFFICER TATOULI, CORRECTION OFFICER CAPTAIN MCDUFFIE (SHIELD #1496), CORRECTION OFFICER PREVILLON (SHIELD #9526), CORRECTION OFFICER GONZALEZ (SHIELD #3720)** and **CORRECTION OFFICERS JOHN DOE #1-5,** common tort of battery via the principle of *respondeat superior* and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

148.    Defendants **CORRECTION OFFICER SORIA (SHIELD #14511), CORRECTION OFFICER CARTY (SHIELD #4114), CORRECTION OFFICER SOUFFRANT (SHIELD #10980), CORRECTION OFFICER TATOULI, CORRECTION OFFICER CAPTAIN MCDUFFIE (SHIELD #1496), CORRECTION OFFICER PREVILLON (SHIELD #9526), CORRECTION OFFICER GONZALEZ (SHIELD #3720)** and

CORRECTION OFFICERS JOHN DOE #1-5 committed a battery on Plaintiff on or about July 16, 2013 as described above, while in custody.

149.    The above-mentioned abuse was harmful, un-consented, and unjustified and in so doing, Defendants **THE CITY OF NEW YORK, CORRECTION OFFICER SORIA (SHIELD #14511), CORRECTION OFFICER CARTY (SHIELD #4114), CORRECTION OFFICER SOUFFRANT (SHIELD #10980), CORRECTION OFFICER TATOULI, CORRECTION OFFICER CAPTAIN MCDUFFIE (SHIELD #1496), CORRECTION OFFICER PREVILLON (SHIELD #9526), CORRECTION OFFICER GONZALEZ (SHIELD #3720) and CORRECTION OFFICERS JOHN DOE #1-5,** violated the laws and Constitution of the State of New York and otherwise violated Plaintiff's rights under New York Law.

150.    A timely Notice of Claim was filed by Plaintiff.

151.    That by reason of the battery, Plaintiff was harmed physically and emotionally, all while unlawfully and illegally detained, and that Plaintiff was otherwise harmed as a result of the Defendant's actions

152.    As a result of the foregoing, Plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A EIGHTH CAUSE OF ACTION
### VIOLATION OF PLAINTIFF'S RIGHT
### UNDER NEW YORK STATE LAW
### VIA ASSAULT FOR THE INCIDENT OF 07/16/2013

153.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

154.    That on the aforementioned date of July 16, 2013, time and place, Defendants **CORRECTION OFFICER SORIA (SHIELD #14511), CORRECTION OFFICER CARTY (SHIELD #4114), CORRECTION OFFICER SOUFFRANT (SHIELD**

31

#10980), **CORRECTION OFFICER TATOULI, CORRECTION OFFICER CAPTAIN MCDUFFIE (SHIELD #1496), CORRECTION OFFICER PREVILLON (SHIELD #9526), CORRECTION OFFICER GONZALEZ (SHIELD #3720) and CORRECTION OFFICERS JOHN DOE #1-5** committed the tort of assault against Plaintiff by causing him to be in apprehension of imminent, harmful and offensive touching and in so doing, Defendants violated the laws and Constitution of the State of New York and otherwise violated Plaintiff's rights under New York Law.

155.  That Defendant **THE CITY OF NEW YORK** is vicariously liable to Plaintiff for the individual Defendant's **THE CITY OF NEW YORK, CORRECTION OFFICER SORIA (SHIELD #14511), CORRECTION OFFICER CARTY (SHIELD #4114), CORRECTION OFFICER SOUFFRANT (SHIELD #10980), CORRECTION OFFICER TATOULI, CORRECTION OFFICER CAPTAIN MCDUFFIE (SHIELD #1496), CORRECTION OFFICER PREVILLON (SHIELD #9526), CORRECTION OFFICER GONZALEZ (SHIELD #3720) and CORRECTION OFFICERS JOHN DOE #1-5** common law tort of assault via the principle of *respondeat superior* and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

156.  A timely Notice of Claim was filed by Plaintiff.

157.  That by reason of the aforesaid committed by Defendants, Plaintiff suffered and continues to suffer physical injury and that he was otherwise damaged.

158.  As a result of the foregoing, Plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A NINETH CAUSE OF ACTION
### EXCESSIVE FORCE
BY CORRECTION OFFICER TORRES, CORRECTION OFFICER THOMAS, CORRECTION OFFICER SORIA (SHIELD #14511), CORRECTION OFFICER CARTY (SHIELD #4114), CORRECTION OFFICER SOUFFRANT (SHIELD #10980), CORRECTION OFFICER TATOULI, CORRECTION OFFICER CAPTAIN MCDUFFIE (SHIELD #1496), CORRECTION OFFICER PREVILLON (SHIELD #9526), CORRECTION OFFICER GONZALEZ (SHIELD #3720), CORRECTION

**OFFICER CAPTAIN RYAN (SHIELD #62), CORRECTION OFFICER YOUNG (SHIELD #12344), CORRECTION OFFICER MCLAUGHLIN (SHIELD #17242), CORRECTION OFFICER BARKSDALE (SHIELD #12913), CORRECTION OFFICER CORKER (SHIELD #2801), CORRECTION OFFICER SANCHEZ (SHIELD #17430), CORRECTION OFFICER HILL (SHIELD #15423), CORRECTION OFFICER CAPTAIN CLAYTON JEMMOTT (SHIELD #63), CORRECTION OFFICER JAY JOYE (SHIELD #11414) and CORRECTION OFFICERS JOHN DOE #1-5 ON THE DATES LISTED ANY TIME AFTER JUNE 27, 2012 THROUGH THE TIME OF RELEASE**

159.   Plaintiff Mr. Frost repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

160.   Throughout the period of his imprisonment and/or detention, Plaintiff was continuously subjected to excessive and unreasonable detention and to multiple excessive and unnecessary and unreasonable acts of physical force (while in detention), and to unnecessary and unreasonable and excessive terms and conditions of his imprisonment (including being put in solitary confinement), at the hands of Defendants under the color of state law, in violation of his rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 USC § 1983.

161.   As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A TENTH CAUSE OF ACTION**
**DERELICTION OF DUTY, DEPRAVED INDIFFERENCE**
**and FAILURE TO INTERCEDE  BY DEFENDANTS THE CITY OF NEW YORK, DETECTIVE RICHARD SPENNICCHIA (TAX ID #920865), DETECTIVE JOSEPH O'NEIL (TAX  ID #918543), SERGEANT MICHAEL LOPUZZO (SHIELD #882662) AND DETECTIVES JOHN DOE#1-2**

162.   Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

163.   Defendants **THE CITY OF NEW YORK, DETECTIVE RICHARD SPENNICCHIA (TAX ID #920865), DETECTIVE JOSEPH O'NEIL (TAX  ID #918543), SERGEANT MICHAEL LOPUZZO (SHIELD #882662) AND DETECTIVES JOHN DOE#1-2**

33

were under a duty of safeguarding the public and ensuring the appropriate execution of Defendant's role.

164.  Plaintiff duly relied on Defendants' fulfillment of their New York City Policing and Correction Officer duties.

165.  Defendants had an affirmative duty to intercede when Plaintiff's constitutional rights were being violated in Defendants' presence.

166.  At the time of the incidents, Defendants **THE CITY OF NEW YORK, DETECTIVE RICHARD SPENNICCHIA (TAX ID #920865), DETECTIVE JOSEPH O'NEIL (TAX ID #918543), SERGEANT MICHAEL LOPUZZO (SHIELD #882662) AND DETECTIVES JOHN DOE#1-2** were observing and aware of the wrongful acts against Plaintiff.

167.  At the time of the incident, Defendants **THE CITY OF NEW YORK, DETECTIVE RICHARD SPENNICCHIA (TAX ID #920865), DETECTIVE JOSEPH O'NEIL (TAX ID #918543), SERGEANT MICHAEL LOPUZZO (SHIELD #882662) AND DETECTIVES JOHN DOE#1-2** neglected to intervene on Plaintiff's behalf in dereliction of their duty to Plaintiff and in depraved indifference to Plaintiff's well-being.

168.  Defendants **THE CITY OF NEW YORK, DETECTIVE RICHARD SPENNICCHIA (TAX ID #920865), DETECTIVE JOSEPH O'NEIL (TAX ID #918543), SERGEANT MICHAEL LOPUZZO (SHIELD #882662) AND DETECTIVES JOHN DOE#1-2** violated Plaintiff's constitutional rights when they failed to intercede and prevent the violation or further violation of Plaintiff's constitutional rights and the injuries or further injuries caused as a result of said failure.

169.  Defendants **THE CITY OF NEW YORK, DETECTIVE RICHARD SPENNICCHIA (TAX ID #920865), DETECTIVE JOSEPH O'NEIL (TAX ID #918543), SERGEANT MICHAEL LOPUZZO (SHIELD #882662) AND DETECTIVES JOHN DOE#1-2** had

an affirmative duty to intercede when Plaintiff's constitutional rights were being violated in Defendants' presence by assault, abuse, beatings and punishments.

170. One or more detectives had reason to believe that Mr. Frost was indeed not a suspect. Detective Joseph O'Neil in fact testified at trial that after reviewing the surveillance tapes, he believed Mr. Frost was not a suspect.

171. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A ELEVENTH CAUSE OF ACTION
### DERELICTION OF DUTY, DEPRAVED INDIFFERENCE and FAILURE TO INTERCEDE BY DEFENDANTS THE CITY OF NEW YORK, CORRECTION OFFICER TORRES, CORRECTION OFFICER THOMAS, CORRECTION OFFICER SORIA (SHIELD #14511), CORRECTION OFFICER CARTY (SHIELD #4114), CORRECTION OFFICER SOUFFRANT (SHIELD #10980), CORRECTION OFFICER TATOULI, CORRECTION OFFICER CAPTAIN MCDUFFIE (SHIELD #1496), CORRECTION OFFICER PREVILLON (SHIELD #9526), CORRECTION OFFICER GONZALEZ (SHIELD #3720), CORRECTION OFFICER CAPTAIN RYAN (SHIELD #62), CORRECTION OFFICER YOUNG (SHIELD #12344), CORRECTION OFFICER MCLAUGHLIN (SHIELD #17242), CORRECTION OFFICER BARKSDALE (SHIELD #12913), CORRECTION OFFICER CORKER (SHIELD #2801), CORRECTION OFFICER SANCHEZ (SHIELD #17430), CORRECTION OFFICER HILL (SHIELD #15423), CORRECTION OFFICER CAPTAIN CLAYTON JEMMOTT (SHIELD #63), CORRECTION OFFICER JAY JOYE (SHIELD #11414) and CORRECTION OFFICERS JOHN DOE #1-5

172. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

173. Defendants **THE CITY OF NEW YORK, CORRECTION OFFICER TORRES, CORRECTION OFFICER THOMAS, CORRECTION OFFICER SORIA (SHIELD #14511), CORRECTION OFFICER CARTY (SHIELD #4114), CORRECTION OFFICER SOUFFRANT (SHIELD #10980), CORRECTION OFFICER TATOULI, CORRECTION OFFICER CAPTAIN MCDUFFIE (SHIELD #1496), CORRECTION OFFICER PREVILLON (SHIELD #9526), CORRECTION OFFICER GONZALEZ (SHIELD #3720), CORRECTION OFFICER CAPTAIN RYAN (SHIELD #62), CORRECTION OFFICER YOUNG (SHIELD #12344), CORRECTION OFFICER**

**MCLAUGHLIN (SHIELD #17242), CORRECTION OFFICER BARKSDALE (SHIELD #12913), CORRECTION OFFICER CORKER (SHIELD #2801), CORRECTION OFFICER SANCHEZ (SHIELD #17430), CORRECTION OFFICER HILL (SHIELD #15423), CORRECTION OFFICER CAPTAIN CLAYTON JEMMOTT (SHIELD #63), CORRECTION OFFICER JAY JOYE (SHIELD #11414) and CORRECTION OFFICERS JOHN DOE #1-5** were under a duty of safeguarding the public and ensuring the appropriate execution of Defendant's role.

174. Plaintiff duly relied on Defendants' fulfillment of their New York City Policing and Correction Officer duties.

175. Defendants had an affirmative duty to intercede when Plaintiff's constitutional rights were being violated in Defendants' presence.

176. At the time of the incidents, Defendants **THE CITY OF NEW YORK, CORRECTION OFFICER TORRES, CORRECTION OFFICER THOMAS, CORRECTION OFFICER SORIA (SHIELD #14511), CORRECTION OFFICER CARTY (SHIELD #4114), CORRECTION OFFICER SOUFFRANT (SHIELD #10980), CORRECTION OFFICER TATOULI, CORRECTION OFFICER CAPTAIN MCDUFFIE (SHIELD #1496), CORRECTION OFFICER PREVILLON (SHIELD #9526), CORRECTION OFFICER GONZALEZ (SHIELD #3720), CORRECTION OFFICER CAPTAIN RYAN (SHIELD #62), CORRECTION OFFICER YOUNG (SHIELD #12344), CORRECTION OFFICER MCLAUGHLIN (SHIELD #17242), CORRECTION OFFICER BARKSDALE (SHIELD #12913), CORRECTION OFFICER CORKER (SHIELD #2801), CORRECTION OFFICER SANCHEZ (SHIELD #17430), CORRECTION OFFICER HILL (SHIELD #15423), CORRECTION OFFICER CAPTAIN CLAYTON JEMMOTT (SHIELD #63), CORRECTION OFFICER JAY JOYE (SHIELD #11414) and CORRECTION OFFICERS JOHN DOE #1-5** were observing and aware of the wrongful acts against Plaintiff.

36

177.   At the time of the incident, Defendants **THE CITY OF NEW YORK, CORRECTION OFFICER TORRES, CORRECTION OFFICER THOMAS, CORRECTION OFFICER SORIA (SHIELD #14511), CORRECTION OFFICER CARTY (SHIELD #4114), CORRECTION OFFICER SOUFFRANT (SHIELD #10980), CORRECTION OFFICER TATOULI, CORRECTION OFFICER CAPTAIN MCDUFFIE (SHIELD #1496), CORRECTION OFFICER PREVILLON (SHIELD #9526), CORRECTION OFFICER GONZALEZ (SHIELD #3720), CORRECTION OFFICER CAPTAIN RYAN (SHIELD #62), CORRECTION OFFICER YOUNG (SHIELD #12344), CORRECTION OFFICER MCLAUGHLIN (SHIELD #17242), CORRECTION OFFICER BARKSDALE (SHIELD #12913), CORRECTION OFFICER CORKER (SHIELD #2801), CORRECTION OFFICER SANCHEZ (SHIELD #17430), CORRECTION OFFICER HILL (SHIELD #15423), CORRECTION OFFICER CAPTAIN CLAYTON JEMMOTT (SHIELD #63), CORRECTION OFFICER JAY JOYE (SHIELD #11414) and CORRECTION OFFICERS JOHN DOE #1-5** neglected to intervene on Plaintiff's behalf in dereliction of their duty to Plaintiff and in depraved indifference to Plaintiff's well-being.

178.   Defendants **THE CITY OF NEW YORK, CORRECTION OFFICER TORRES, CORRECTION OFFICER THOMAS, CORRECTION OFFICER SORIA (SHIELD #14511), CORRECTION OFFICER CARTY (SHIELD #4114), CORRECTION OFFICER SOUFFRANT (SHIELD #10980), CORRECTION OFFICER TATOULI, CORRECTION OFFICER CAPTAIN MCDUFFIE (SHIELD #1496), CORRECTION OFFICER PREVILLON (SHIELD #9526), CORRECTION OFFICER GONZALEZ (SHIELD #3720), CORRECTION OFFICER CAPTAIN RYAN (SHIELD #62), CORRECTION OFFICER YOUNG (SHIELD #12344), CORRECTION OFFICER MCLAUGHLIN (SHIELD #17242), CORRECTION OFFICER BARKSDALE (SHIELD #12913), CORRECTION OFFICER CORKER (SHIELD #2801),**

CORRECTION OFFICER SANCHEZ (SHIELD #17430), **CORRECTION OFFICER HILL (SHIELD #15423), CORRECTION OFFICER CAPTAIN CLAYTON JEMMOTT (SHIELD #63), CORRECTION OFFICER JAY JOYE (SHIELD #11414) and CORRECTION OFFICERS JOHN DOE #1-5** violated Plaintiff's constitutional rights when they failed to intercede and prevent the violation or further violation of Plaintiff's constitutional rights and the injuries or further injuries caused as a result of said failure.

179.   Defendants **THE CITY OF NEW YORK, CORRECTION OFFICER TORRES, CORRECTION OFFICER THOMAS, CORRECTION OFFICER SORIA (SHIELD #14511), CORRECTION OFFICER CARTY (SHIELD #4114), CORRECTION OFFICER SOUFFRANT (SHIELD #10980), CORRECTION OFFICER TATOULI, CORRECTION OFFICER CAPTAIN MCDUFFIE (SHIELD #1496), CORRECTION OFFICER PREVILLON (SHIELD #9526), CORRECTION OFFICER GONZALEZ (SHIELD #3720), CORRECTION OFFICER CAPTAIN RYAN (SHIELD #62), CORRECTION OFFICER YOUNG (SHIELD #12344), CORRECTION OFFICER MCLAUGHLIN (SHIELD #17242), CORRECTION OFFICER BARKSDALE (SHIELD #12913), CORRECTION OFFICER CORKER (SHIELD #2801), CORRECTION OFFICER SANCHEZ (SHIELD #17430), CORRECTION OFFICER HILL (SHIELD #15423), CORRECTION OFFICER CAPTAIN CLAYTON JEMMOTT (SHIELD #63), CORRECTION OFFICER JAY JOYE (SHIELD #11414) and CORRECTION OFFICERS JOHN DOE #1-5** had an affirmative duty to intercede when Plaintiff's constitutional rights were being violated in Defendants' presence by assault, abuse, beatings and punishments.

180.   As a result of the foregoing, Plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### NEGLIGENCE

181.   Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

182.   Defendant **THE CITY OF NEW YORK, DETECTIVE RICHARD SPENNICCHIA (TAX ID #920865), DETECTIVE JOSEPH O'NEIL (TAX ID #918543), SERGEANT MICHAEL LOPUZZO (SHIELD #882662), DETECTIVES JOHN DOE#1-2, CORRECTION OFFICER TORRES, CORRECTION OFFICER THOMAS, CORRECTION OFFICER SORIA (SHIELD #14511), CORRECTION OFFICER CARTY (SHIELD #4114), CORRECTION OFFICER SOUFFRANT (SHIELD #10980), CORRECTION OFFICER TATOULI, CORRECTION OFFICER CAPTAIN MCDUFFIE (SHIELD #1496), CORRECTION OFFICER PREVILLON (SHIELD #9526), CORRECTION OFFICER GONZALEZ (SHIELD #3720), CORRECTION OFFICER CAPTAIN RYAN (SHIELD #62), CORRECTION OFFICER YOUNG (SHIELD #12344), CORRECTION OFFICER MCLAUGHLIN (SHIELD #17242), CORRECTION OFFICER BARKSDALE (SHIELD #12913), CORRECTION OFFICER CORKER (SHIELD #2801), CORRECTION OFFICER SANCHEZ (SHIELD #17430), CORRECTION OFFICER HILL (SHIELD #15423), CORRECTION OFFICER CAPTAIN CLAYTON JEMMOTT (SHIELD #63), CORRECTION OFFICER JAY JOYE (SHIELD #11414) and CORRECTION OFFICERS JOHN DOE #1-5** negligently caused injuries and otherwise damaged Plaintiff. The acts and conduct of Defendant were the direct and proximate cause of injury to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

183.   As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION

## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION and TRAINING

184.   Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

185.   Defendant **THE CITY OF NEW YORK** negligently hired, screened, retained, supervised and trained Defendants **THE DETECTIVE RICHARD SPENNICCHIA (TAX ID #920865), DETECTIVE JOSEPH O'NEIL (TAX ID #918543), SERGEANT MICHAEL LOPUZZO (SHIELD #882662), DETECTIVES JOHN DOE#1-2, CORRECTION OFFICER TORRES, CORRECTION OFFICER THOMAS, CORRECTION OFFICER SORIA (SHIELD #14511), CORRECTION OFFICER CARTY (SHIELD #4114), CORRECTION OFFICER SOUFFRANT (SHIELD #10980), CORRECTION OFFICER TATOULI, CORRECTION OFFICER CAPTAIN MCDUFFIE (SHIELD #1496), CORRECTION OFFICER PREVILLON (SHIELD #9526), CORRECTION OFFICER GONZALEZ (SHIELD #3720), CORRECTION OFFICER CAPTAIN RYAN (SHIELD #62), CORRECTION OFFICER YOUNG (SHIELD #12344), CORRECTION OFFICER MCLAUGHLIN (SHIELD #17242), CORRECTION OFFICER BARKSDALE (SHIELD #12913), CORRECTION OFFICER CORKER (SHIELD #2801), CORRECTION OFFICER SANCHEZ (SHIELD #17430), CORRECTION OFFICER HILL (SHIELD #15423), CORRECTION OFFICER CAPTAIN CLAYTON JEMMOTT (SHIELD #63), CORRECTION OFFICER JAY JOYE (SHIELD #11414) and CORRECTION OFFICERS JOHN DOE #1-5** and its employees.

186.   As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL HARM

187.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

188.    Defendants **THE CITY OF NEW YORK, DETECTIVE RICHARD SPENNICCHIA (TAX ID #920865), DETECTIVE JOSEPH O'NEIL (TAX ID #918543), SERGEANT MICHAEL LOPUZZO (SHIELD #882662), DETECTIVES JOHN DOE#1-2, CORRECTION OFFICER TORRES, CORRECTION OFFICER THOMAS, CORRECTION OFFICER SORIA (SHIELD #14511), CORRECTION OFFICER CARTY (SHIELD #4114), CORRECTION OFFICER SOUFFRANT (SHIELD #10980), CORRECTION OFFICER TATOULI, CORRECTION OFFICER CAPTAIN MCDUFFIE (SHIELD #1496), CORRECTION OFFICER PREVILLON (SHIELD #9526), CORRECTION OFFICER GONZALEZ (SHIELD #3720), CORRECTION OFFICER CAPTAIN RYAN (SHIELD #62), CORRECTION OFFICER YOUNG (SHIELD #12344), CORRECTION OFFICER MCLAUGHLIN (SHIELD #17242), CORRECTION OFFICER BARKSDALE (SHIELD #12913), CORRECTION OFFICER CORKER (SHIELD #2801), CORRECTION OFFICER SANCHEZ (SHIELD #17430), CORRECTION OFFICER HILL (SHIELD #15423), CORRECTION OFFICER CAPTAIN CLAYTON JEMMOTT (SHIELD #63), CORRECTION OFFICER JAY JOYE (SHIELD #11414) and CORRECTION OFFICERS JOHN DOE #1-5** negligently caused emotional distress and damage to Plaintiff. The acts and conduct of Defendants were the direct and proximate cause of emotional injury to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

189.    As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

<u>AS AND FOR A FIFTEENTH CAUSE OF ACTION</u>
INTENTIONAL INFLICTION OF EMOTIONAL

41

## HARM AND/OR DISTRESS

190. Courts have held that continuous and coercive harassment *can* establish an IIED cause of action. *Alexander v. Unification Church of America,* 634 F.2d 673, 678–679 (2d Cir.1980) (filing of harassing lawsuits, constant surveillance, patrolling of plaintiffs' homes);*Green v. Fischbein Olivieri Rozenholc & Badillo,* 119 A.D.2d 345, 507 N.Y.S.2d 148 (1st Dep't 1986) (baseless eviction proceedings against plaintiff-tenant by landlord, disruption in services, deterioration of living conditions, interference with mails, verbal abuse of plaintiff and his guests). *But see, Gay v. Carlson,* 60 F.3d 83, 89 (2d Cir.1995) (finding plaintiff had not established an IIED claim where "[a]ll that plaintiff alleges that any of the defendants has done is lodge official complaints about plaintiff's conduct or discuss the basis of those complaints with others.").

191. Because many of these "last actionable acts" occurred within the statute of limitations period, the action is not time-barred. *Cf. Leonhard v. United States,* 633 F.2d at 613 (holding that under general principles of New York law, the statute of limitations " 'runs from the commission of the last wrongful act.' ")(citations omitted).

192. Hon. Denise L. Cote of this district recently reached a similar conclusion on this issue. *Bonner v. Guccione,* 94 Civ. 7735, slip. op. at 7–15, 1996 WL 22355 (S.D.N.Y. January 17, 1996)(holding where last act of an uninterrupted course of actionable conduct falls within statute of limitations, plaintiff permitted to assert IIED claim for entire course of conduct, even those acts beyond the statute of limitations). *Cf. Leonhard v. United States,* 633 F.2d at 613 (holding that under New York law where certain continuous wrongs are alleged, the last wrongful act triggers the statute of limitations).

193. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

194. Under the color of state law, Defendants **THE CITY OF NEW YORK, DETECTIVE RICHARD SPENNICCHIA (TAX ID #920865), DETECTIVE JOSEPH O'NEIL (TAX ID #918543), SERGEANT MICHAEL LOPUZZO (SHIELD #882662),**

DETECTIVES JOHN DOE#1-2, CORRECTION OFFICER TORRES, CORRECTION OFFICER THOMAS, CORRECTION OFFICER SORIA (SHIELD #14511), CORRECTION OFFICER CARTY (SHIELD #4114), CORRECTION OFFICER SOUFFRANT (SHIELD #10980), CORRECTION OFFICER TATOULI, CORRECTION OFFICER CAPTAIN MCDUFFIE (SHIELD #1496), CORRECTION OFFICER PREVILLON (SHIELD #9526), CORRECTION OFFICER GONZALEZ (SHIELD #3720), CORRECTION OFFICER CAPTAIN RYAN (SHIELD #62), CORRECTION OFFICER YOUNG (SHIELD #12344), CORRECTION OFFICER MCLAUGHLIN (SHIELD #17242), CORRECTION OFFICER BARKSDALE (SHIELD #12913), CORRECTION OFFICER CORKER (SHIELD #2801), CORRECTION OFFICER SANCHEZ (SHIELD #17430), CORRECTION OFFICER HILL (SHIELD #15423), CORRECTION OFFICER CAPTAIN CLAYTON JEMMOTT (SHIELD #63), CORRECTION OFFICER JAY JOYE (SHIELD #11414) and CORRECTION OFFICERS JOHN DOE #1-5 intentionally caused continuous emotional distress and damage to Plaintiff. The acts and conduct of Defendant were the direct and proximate cause of continuous emotional distress emotional injury to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

195. Upon information and belief, Defendants committed multiple acts against Plaintiff, which invaded his interests and inflicted injuries upon him throughout all stages of investigation, the continuous detention and the hearings, and trials, which cumulatively amounted to intentional infliction of emotional harm and/or distress.

196. The favorable termination of the proceedings was the crux of his claim.

197. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### CLAIM FOR MONELL LIABILITY

198.    In this case, there was: Police witnesses failing to make full and complete statements — witness tampering and/or intimidation; Detectives withholding evidence and/or misrepresenting or falsifying evidence; Overall inadequate police work and inadequate prosecutorial work-up of the case; and permitting and/or enforcing false testimony at the Grand Jury.

199.    The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and NYPD, all under the supervision of ranking officers of the NYPD.

200.    The aforementioned customs, practices, procedures and rules of the City and NYPD include, but are not limited to: 1) arresting persons known to be innocent in order to meet "productivity goals"; 2) falsely swearing out criminal complaints and/or lying and committing perjury during sworn testimony to protect other officers and meet productivity goals; 3) failing to supervise, train, instruct and discipline police officers thereby encouraging their misconduct and exhibiting deliberate indifference towards the constitutional rights of persons within the officers' jurisdiction; 4) discouraging police officers from reporting the corrupt or unlawful acts of other officers; 5) retaliating against officers who report police misconduct; and 6) failing to intervene to prevent the above-mentioned practices when they reasonably could have been prevented with proper supervision.

201.    At the time of the aforementioned constitutional violations, the **THE CITY OF NEW YORK** and NYPD were and had been on notice of such unconstitutional conduct, customs, and de facto policies, such that the failure of City and NYPD to take appropriate remedial action amounted to deliberate indifference to the constitutional rights of persons with whom the police come in contact. In light of the extensive pattern of well-settled, pervasive customs and policies causing constitutional violations, documented in part infra, the need for more effective supervision and other remedial measures was patently obvious, but the **THE CITY OF NEW**

44

**YORK** and NYPD made no meaningful attempt to prevent future constitutional violations.

202.    The existence of aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented by the following civil rights actions and parallel prosecutions of police officers:

a) <u>Colon v. City of New York</u>, 9-CV-0008 (JBW)(E.D.N.Y) (in an Order dated November 29, 2009 denying the City's motion to dismiss on Iqbal/Twombley grounds, wherein the police officers at issued were and prosecuted for falsifying evidence, the Honorable Jack B. Weinstein wrote:

'Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department.   Despite numerous inquiries by commissions and strong reported efforts by the present administration—through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department—there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.'

b) <u>McMillan v. City of New York</u>, 04-cv-3990 (FB)(RML) (E.D.N.Y.)(officers fabricated evidence against an African-American man in Kings County and initiated drug charges against him, despite an absence of an quantum of suspicion);

c) <u>Richardson v. City of New York</u>, 02-CV-3651 (JG)(CLP) (E.D.N.Y.)(officers fabricated evidence including knowingly false sworn complaints, against an African-American man in Kings County and initiated drug charges against him, despite an absence of any quantum of suspicion);

203.    The existence of the aforesaid unconstitutional customs and practices, specifically with regard to the practice or custom of officers lying under oath, falsely swearing out criminal complaints or otherwise falsifying or fabricating evidence, are further evidenced, inter alia, by the following:

a) Morgan Cloud, The Dirty Little Secret, 43 EMORY L.J. 1311, 1311-12 (1994) ("Judges, prosecutors, defense lawyers, and repeat offenders all know that police officers lie under oath."); Jerome H. Skolnick, Deception by Police, CRIM. JUST. ETHICS, Summer/Fall 1982, at 40, 42 (concluding that police "systematic[ally]" perjure themselves to achieve convictions); ALAN M. DERSHOWITZ, THE ABUSE EXCUSE 233 (Hachette Book Group 1994) (suggesting that "recent disclosures about rampant police perjury cannot possibly come as any surprise" to those who have practiced criminal law in state or federal courts); ALAN M. DERSHOWITZ, THE

BEST DEFENSE xxi-xxii (Random House  1983) ("Almost all police lie about whether they violated the Constitution in order to convict guilty defendants."); Deborah Young, Unnecessary Evil: Police Lying in Interrogations, 28 CONN. L. REV. 425, 427 (1996) (asserting that "the reported cases of police lying represent only a fraction of the actual cases in which police lying occurred"); David Kocieniewski, Perjury Dividend-A Special Report, N.Y. TIMES,  Jan.5, 1997, at A1 (noting that according to one New York police officer, "lying under oath was standard procedure"); Lie Detectors Could Curb Police Perjury, USA TODAY, Aug. 1, 1996, (Magazine), at 13 ("[M]any experienced trial lawyers have said they believe police officers frequently lie on the stand."); Joseph D. McNamara, Has the Drug War created an  Officer Liars' Club?, L.A. TIMES, Feb. 11, 1996, at M1 (noting recent perjury scandals have  surfaced in police departments in Los Angeles, Boston, New Orleans, San Francisco, Denver, New York, and other large cities; and stating "[H]undreds of thousands of law-enforcement officers commit felony perjury every year testifying about drug arrests.").

b) The Mollen Commission concluded that police perjury and falsification of official records

is probably the most common form of police corruption facing the criminal justice system.

It concluded:

Regardless of the motives behind police falsifications, what is particularly troublesome about this practice is that it is widely tolerated by corrupt and honest officers alike, as well as their superiors. Corrupt and honest officers told us that their supervisors  knew or should have known about falsified versions of searches and arrests and never questioned them.1 {...} What breeds this tolerance is deep-rooted perception among many officers of all ranks within the Department that there is nothing really wrong with compromising the facts to fight crime in the real world. Simply put, despite devastating consequences of police falsifications, there is a persistent belief among officers that it is necessary and justified, even if it is unlawful. As one dedicated officer put it, police officers often view falsification as, to use his words, "doing God's work" – doing whatever it takes to get the suspected criminal off the streets. This is so entrenched, especially in high-crime precincts, that when investigators confronted one recently arrested officer with evidence of perjury, he asked in disbelief, "What's wrong with that? They're guilty." *See,* Mollen Commission Report pgs 36-41.

204.   The existence of the aforesaid unconstitutional customs and policies, specifically with regard to

"productivity goals," may be further inferred from the following: Deputy Commissioner Paul J.

Browne has repeatedly admitted that NYPD commanders are permitted to set "productivity

goals."3

205.   The existence of the aforesaid unconstitutional customs and practices, specifically with

regard to the failure to supervise, train, instruct, and discipline police officers, encouraging

their misconduct, and exhibiting deliberate indifference towards the constitutional rights of

persons with whom officers come into contact are further evidenced, inter alia, by the following:

a) In response to the Honorable Judge Weinstein's ruling of November 25, 2009 in Colon v. City of New York, 09-CV-00008 (E.D.N.Y.), in which he noticed a "widespread... custom or policy by the city approving illegal conduct" such as lying under oath and false swearing, NYPD Commissioner Raymond Kelly acknowledged, "When it happens, it's not for personal gain. It's more for convenience."

b) Regarding Defendant City's tacit condonement and failure to supervise, discipline o provide remedial training when officers engage in excessive force, the Civilian Complaint Review Board is a City agency, allegedly independent of the NYPD, that is responsible for investigating and issuing findings on complaints of police abuse and misconduct. When it does, however, Commissioner Kelly controls whether the NYPD pursues the matter and he alone has the authority to impose discipline on the subject officer(s). Since 2005, during Kelly's tenure, only one quarter of officers whom the CCRB found engaged in misconduct received punishment more severe than verbal "instructions." Moreover, the number of CCRB-substantiated cases that the NYPD has simply dropped (i.e., closed without action or discipline) has spiked from less than 4% each year between 2002 and 2006, to 35% in 2007, and approximately 30% in 2008. Alarmingly, the NYPD has refused to prosecute 40% of the cases sent to it by the CCRB in 2009. As a result, the percentage of cases where the CCRB found misconduct but where the subject officers were given only verbal instructions or the matter was simply dropped by the NYPD rose to 66% in 2007. Substantiated complaints of excessive force against civilians accounted for more than 10% of the cases that the NYPD dropped in 2007 and account for more than 25% of cases dropped in 2008.[4]

206. The existence of the above-described de facto unlawful policies and/or well-settled and widespread customs and practices is known to, encouraged and/or condoned by supervisory and policy-making officers and officials of the NYPD and defendant **THE CITY OF NEW YORK**, including without limitation, the Police Commissioner.

207. The actions of Defendants, resulting from and taken pursuant to the above-mentioned de facto policies and/or well-settled and widespread customs and practices of the City, are implemented by members of the NYPD engaging in systematic and ubiquitous perjury, both oral and written, to cover up federal law violations committed against civilians by either themselves or their fellow officers, supervisors and/or subordinates. They do so with the knowledge and approval of their supervisors, commanders and Commissioner who all: (i) tacitly accept and encourage a

3 Jim Hoffer NYPD Officer claims pressure to make arrests WABC·TV Eyewitness News, March 22010, available at http:J/abclocal.go.com/Wabc/story?section=news/investigators&id=73053S6 ("Police Officers like others who receive compensation are provided productivity goals and they are expected to work").
4 Daily News, Editorial: City Leaders Must Get Serious About Policing the Police, August 20, 2008.

code of silence wherein police officers refuse to report other officers' misconduct or tell false and/or incomplete stories, inter alia, in sworn testimony, official reports, in statements to the CCRB and the Internal Affairs Bureau ("IAB"), and in public statements designed to cover for and/or falsely exonerate accused police officers; and (ii) encourage and, in the absence of video evidence blatantly exposing the officers' perjury, fail to discipline officers for "testilying" and/or fabricating false evidence to initiate and continue the malicious prosecution of civilians in order to cover-up civil rights violations perpetrated by themselves, fellow office supervisors and/or subordinates against those civilians.

208.   All of the foregoing acts by defendants deprived Plaintiff of his federally protected rights, including, but limited to, the constitutional rights enumerated herein.

Defendant **THE CITY OF NEW YORK** knew or should have known that the acts alleged herein would deprive Plaintiff of his rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

209.   Defendant **THE CITY OF NEW YORK** is directly liable and responsible for the acts of Defendants, as it repeatedly and knowingly failed to properly supervise, train, instruct, and discipline them and because it repeatedly and knowingly failed to enforce the rules    and regulations of the City and NYPD, and to require compliance with the Constitution   and laws of the United States.

210.   Despite knowledge of such unlawful de facto policies, practices, and/or customs, these supervisory and policy-making officers and officials of the NYPD and the **THE CITY OF NEW YORK**, including the Commissioner, have not taken steps to terminate these policies, practices and/or customs, do not discipline individuals who engage in such polices,   practices and/or customs, or otherwise properly train police officers with regard to the constitutional and statutory limits on the exercise of their authority, and instead approve and ratify these policies, practices and/or customs through their active encouragement of, deliberate indifference to and/or reckless disregard of the effects of said policies, practices and/or customs or the

constitutional rights of persons in the City of New York.

211. The aforementioned Defendant's **THE CITY OF NEW YORK** policies, practices and/or customs of failing to supervise, train, instruct and discipline police officers and encouraging their misconduct are evidenced by the police misconduct detailed herein. Specifically, pursuant to the aforementioned City policies, practices and/or customs, Defendants felt empowered to arrest Plaintiff without probable cause and then fabricate and swear to a false story to cover up their blatant violations of Plaintiff's constitutional rights.

212. Pursuant to the aforementioned **THE CITY OF NEW YORK** policies, practices and/or customs, the officers failed to intervene in or report Defendants' violations of Plaintiff's rights.

213. Plaintiff's injuries were a direct and proximate result of the defendant **THE CITY OF NEW YORK**'s wrongful de facto policies and/or well-settled and widespread customs and practices and of the knowing and repeated failure of the defendant **THE CITY OF NEW YORK** to properly supervise, train and discipline their police officers.

214. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Defendants:

     a.   Compensatory damages;

     b.   Punitive damages;

     c.   Declaratory relief;

     d.   Injunctive relief;

     e.   The convening and empanelling of a jury to consider the merits of the claims herein;

     f.   Costs and interest and attorneys' fees;

     g.   Such other further relief as this court may deem appropriate and equitable.

Dated:      New York, New York
            February 5, 2016

                                      Respectfully submitted,

                                      **NOVO LAW FIRM, PC**
                                      *Attorney for Plaintiff*


                                      By: Ellie A. Silverman, Esq. (4701868)
                                      299 Broadway, 17th Floor
                                      New York, New York 10007
                                      (212) 233-6686
                                      **File No. 10-3706**
                                      ellies@novolawfirm.com