

**GEORGIA M. PESTANA**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

SOO-YOUNG SHIN
Senior Counsel
(212) 356-2329
soshin@law.nyc.gov

July 9, 2021

Hon. Naomi Reice Buchwald, U.S.D.J.    <u>By ECF</u>
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

       Re:    <u>Frost v. The City of New York, et al, 15-cv-04843-NRB</u>

Dear Judge Buchwald:

      Defendants The City of New York and NYPD Detectives Michael Lopuzzo, Richard Spennicchia and Joseph O'Neil ("Defendants") respectfully request that the Court enter a stay of the trial or other disposition of plaintiff's due process claim, *Monell* claim, and any related state-law claims based on alleged fabrication of evidence, pending the resolution of Defendants' *certiorari* application and any subsequent proceedings before the Supreme Court if *certiorari* is granted. To be clear, Defendants are seeking a stay of only the trial or dispositive motion practice of the claims against the NYPD defendants and related claims against the City. Defendants are not seeking to stay any discovery and are not seeking to stay the trial or other disposition of the claims against the DOC defendants and the City based on alleged incidents of excessive force while plaintiff was jailed. While discovery relating to plaintiff's allegations of evidence fabrication is not due to be completed until September, we are respectfully requesting entry of a stay of dispositive proceedings now to provide clarity to the Supreme Court about the expected course of proceedings *before* it acts on the petition for *certiorari*. Plaintiff consents to this application.

      The Court can and should stay the trial or other disposition of the fabrication claims under the Court's broad authority to manage its docket. <u>First</u>, the parties agree that the requested stay is prudent in light of the pending petition for *certiorari*. <u>Second</u>, the parties will be irreparably injured absent a stay. Absent a stay, the parties may be required to expend substantial resources in engaging in dispositive motion practice regarding the fabrication claims, and/or preparing for the trial of that claim and trying it—activities that may ultimately prove to be unnecessary if the Supreme Court grants the *certiorari* petition and rules in Defendants' favor. Also, the real-world costs that proceeding to trial would impose on Defendants in

particular, if the trial is permitted to proceed, would include the distraction of Dets. Lopuzzo, Spennicchia and O'Neil, as well as any witness officers and district attorneys, "from the energetic performance of [their] constitutional duties" in a manner that warrants a stay. Cheney v. U.S. Dist. Court for Dist. of Columbia, 542 U.S. 367, 369 (2004). The harm from requiring these witnesses' attendance at trial cannot be undone once the trial takes place. Third, the issuance of a limited stay will not substantially delay proceedings. Under the present scheduling order, the parties have until September 14, 2021 to complete remaining discovery, and have until September 30, 2021 to submit a letter outlining the proposed next steps in this case, see Dkt. No. 141, which may include time for dispositive motion practice by defendants on the other claims. Given the backlog of cases due to the COVID-19 shutdown, it is unlikely that this case would even be given a trial date before the Supreme Court resolves the petition for *certiorari* and, if *certiorari* is granted, issues a decision on the merits. Fourth, the public interest supports the limited stay. If the Supreme Court ultimately concludes that plaintiff may not maintain a due process claim for a pre-trial detention, the need for dispositive motion practice and/or a trial may be obviated altogether. "[C]onsiderations of judicial economy counsel, as a general matter, against investment of court resources in proceedings that may prove to have been unnecessary." Sutherland v. Ernst & Young LLP, 856 F. Supp. 2d 638, 644 (S.D.N.Y. 2012). There is no need to unnecessarily deploy the resources of the Court and the parties by proceeding with motion practice and a trial on a claim that the Supreme Court may ultimately reject.

Given all of the reasons outlined above, a stay of dispositive motion practice or a trial on the fabrication, Monell and similar state law claims is thus appropriate.

Respectfully submitted,

/s/ *Soo-Young Shin*

Soo-Young Shin
Senior Counsel
Special Federal Litigation Division

cc: Ellie Silverman     By ECF
      Jonathan I. Edelstein
      *Attorneys for plaintiff*

**SO ORDERED.**

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
        July 13, 2021