

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**SOO-YOUNG SHIN**
Senior Counsel
(212) 356-2329
soshin@law.nyc.gov

April 12, 2022

Hon. Naomi Reice Buchwald   By ECF
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:      Frost v. The City of New York, et al, 15-cv-04843-NRB

Dear Judge Buchwald:

      Defendants The City of New York and NYPD Detectives Michael Lopuzzo, Richard Spennicchia and Joseph O'Neil ("Defendants") respectfully write to request that the current end date to conduct limited discovery in this matter, presently today, be held in abeyance until next week. Plaintiff consents to this request.

      On July 13, 2021, Your Honor granted a limited stay of the case - a stay of the trial or other dispositive motion practice of plaintiff's due process claim, *Monell* claim, and any related state-law claims based on alleged fabrication of evidence, pending the resolution of defendants' *certiorari* application and any subsequent proceedings before the Supreme Court if *certiorari* is granted. Dkt. Entry No. 143. Prior to the motion for a limited stay, Your Honor had granted defendants leave to conduct limited discovery by September 14, 2021, which was thereafter extended to January 12, 2022, then April 12, 2022. Dkt. Entry Nos. 141, 145, 148.

      The undersigned learned yesterday that the defendants' pending *certiorari* application before the Supreme Court has been scheduled for conference this Thursday, April 14, 2022. Pursuant to the Supreme Court's practices, it is expected that this matter will therefore be included on the Order List the following Monday, April 18, 2022.

      In light of this development, defendants ask that the end date to conduct limited discovery be held in abeyance until next Friday, April 22, 2022, so that depending on what actions the Supreme Court takes, the defendants may determine whether to request a stay of the limited discovery or an extension of time to conduct said discovery, and confer with plaintiff on his position as to the request. Defendants would also be able to provide a status update to this Court as to the Supreme Court's actions.

      The parties are currently scheduled to attend mediation on April 21, 2022 with regards to the DOC-portion of this matter, which is unaffected by the *certiorari* application. Defendants would of course not be discussing the resolution of this entire matter or the claims which are the subject of the *certiorari* application.

      Plaintiff does consent, their position is as follows: Plaintiff consents to Defendants' request to hold the discovery end date in abeyance until April 21, 2022 due to the possibility that the Supreme Court will take action on the case within that period. However, Plaintiff objects to any further extension of the deadline beyond April 21, 2022. The Defendants have had many months to conduct the depositions they seek, and have squandered the three-month extension they previously received over Plaintiff's objection.

      In light of the above, defendants respectfully request that the end date for the limited discovery, April 12, 2022, be held in abeyance until April 22, 2022, at which time the defendants will write to the Court with a status update on defendants' *certiorari* application and any further requests related to the limited discovery. Thank you for your consideration.

Application granted. **SO ORDERED.**

*[signature]*
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
       April 13, 2022

Respectfully submitted,

/s/ *Soo-Young Shin*

Soo-Young Shin
Senior Counsel
Special Federal Litigation Division

cc:   Ellie Silverman      By ECF
      Jonathan I. Edelstein
      *Attorneys for plaintiff*